UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

YOU ZENG HUANG,
    Plaintiff,

v.

KIRSTJEN NIELSEN, Secretary, Department
of Homeland Security, and
LEE CISSNA, Director, U.S. Citizenship &
Immigration Services,
    Defendants.

No. 3:16-cv-1634 (VAB)

**RULING AND ORDER ON MOTION TO DISMISS**

You Zeng Huang ("Plaintiff") moved for a writ of mandamus to compel a decision on an I-485 adjustment of status application and an I-730 Refugee Asylee Relative Petition (collectively "immigration applications") from Jeh Johnson, Secretary of the Department of Homeland Security, and Leon Rodriguez, Director of the U.S. Citizenship & Immigration Services ("Defendants").[1]

Defendants now move to dismiss the Complaint as moot. *See* Def. Mot., ECF No. 8.

For the reasons that follow, the motion is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

You Zeng Huang is a citizen of the People's Republic of China. Compl. ¶ 5, ECF No. 1. Defendants are government officials with the United States Department of Homeland Security

---

[1] At the time of the filing of this lawsuit, Jeh Johnson was Secretary of the Department of Homeland Security and Leon Rodriguez was Director of U.S. Citizenship & Immigration Service. The proper defendants are now Kirstjen Nielsen and Lee Cissna, and the caption of this lawsuit has been amended accordingly. *See* Fed. R. Civ. P. 25(d) ("The officer's successor is automatically substituted as a party.").

("DHS") and are sued in their official capacities. Compl. ¶ 6-7. Both Defendants are responsible for administering the Immigration and Nationality Act. *Id.*

### A. Factual Allegations

Mr. Huang came to the United States from the People's Republic of China seeking asylum, which was granted on September 16, 2010. Compl. ¶ 9. Subsequently, based on his asylee status, Mr. Huang filed an I-730 petition for his wife, Xiu Bing Liang, on November 02, 2010, and an I-485 adjustment of status application for himself on September 30, 2011. *Id.* ¶¶ 10–11. At the time of the Complaint, Huang had allegedly not received any updates on his immigration applications since October 2011, despite allegedly making repeated inquiries. *Id.* ¶¶ 12–13.

### B. Procedural Background

On September 29, 2016, Mr. Huang filed a mandamus action with the Court under 28 U.S.C. § 1361 ("Mandamus Act"). *See generally* Compl. Mr. Huang sought an order compelling adjudication of the two applications for immigration relief. Compl. at 4, ¶ IV. On September 30, 2016, in accordance with Fed. R. Civ. P. 4, Defendants were issued summons by the Court. ECF No. 4.

On March 15, 2017, DHS maintains it interviewed Mr. Huang concerning his asylum status and Complaint. Def. Mot. at 1. After the interview, Mr. Huang's immigration applications were forwarded to the Texas Service Center for U.S. Citizenship & Immigration ("Texas Service Center") for adjudication. *Id.* On July 25, 2017, the Texas Service Center requested additional evidence from Mr. Huang in order to adjudicate the I-485 application. *Id.* at 2. Mr. Huang responded to this request with the additional information and, on July 27, 2017, Mr. Huang's I-730 petition was granted. *See* Notice of Action on I-730 Refugee Asylee Relative Petition, ECF

No. 8-1. On August 28, 2017, Mr. Huang's I-485 application was granted. *See* Notice of Action on I485 Application to Register Permanent Residence or Adjust Status, ECF No. 8-2.

On August 17, 2017, Defendants moved to dismiss Mr. Huang's Complaint. Mot. to Dismiss at 1, ECF No. 8. Defendants argue that the relief request has been granted and the lawsuit is now moot. *Id.* In their motion, Defendants included copies of the Notices of Action providing the relief sought by Mr. Huang. *See* Notice of Action on I-730 Refugee Asylee Relative Petition; Notice of Action on I-485 Application to Register Permanent Residence or Adjust Status, ECF No. 8-2. Mr. Huang has not opposed this motion.

## II. STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction[.]" *Gunn v. Minton*, 568 U.S. 251, 256 (2013). If a federal court does not have subject-matter jurisdiction, the lawsuit must be dismissed. *See* Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(h)(3). A court lacks subject-matter jurisdiction "when the district court lacks the statutory or constitutional authority to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Federal courts are only permitted to adjudicate actual cases or controversies. *See* U.S. Const. Art. III, § 2. In determining whether a case or controversy exists, the court will view all uncontroverted facts as true and "draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

## III. DISCUSSION

Defendants argue mootness because Mr. Huang's applications for I-485 Adjustment of Status and the I-1730 Refugee Asylee Relative Petition have not only been adjudicated, but approved. Def. Mot. at 2. Defendants thus claim that Mr. Huang has received all of the relief he seeks. The Court agrees.

Article III of the United States Constitution, requires that "there be a live case or controversy at the time that a federal court decides [a] case." *Burke v. Barnes*, 479 U.S. 361, 363 (1987). As a result, when there is no "live case or controversy," meaning all of the relief requested has been granted, the case becomes moot. *See In re Kurtzman*, 194 F.3d 54, 58 (2d Cir.1999) ("[A] case becomes moot . . . when it is impossible for the court to grant any effectual relief whatever to a prevailing party."); *see also Ziauddin v. Enzer,* No. 307-cv-993 (AHN), 2008 WL 2078101, at *1 (D. Conn. May 14, 2008) (granting motion to dismiss and finding that "Ziauddin's petition is moot because the court could not grant him any effective relief, given that the adjustment application has now been adjudicated.").

Once the case becomes moot, federal courts lack subject matter jurisdiction over the lawsuit. *See New York City Employees' Retirement Sys. v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir.1992) (finding the court lacked subject matter jurisdiction on account of the relief sought being secured in the interim).

Here, because Mr. Huang's immigration applications have been adjudicated and approved, *see* Notice of Action on I-730 Refugee Asylee Relative Petition; Notice of Action on I-485 Application to Register Permanent Residence or Adjust Status (approving Mr. Huang's immigration applications),[2] the very relief Mr. Huang seeks has already been provided. The Court therefore cannot grant him any effective relief, making his petition for mandamus moot. *See Ziauddin*, 2008 WL 2078101, at *1. As a result, the Court no longer has subject matter jurisdiction over the claim because no actual case or controversy exists. *See, e.g.*, *Dole Food Co.*,

---

[2] Additionally, Mr. Huang never filed an opposition to the motion to dismiss. *See* D. Conn. L. Civ. R. 7(a)(2) ("Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion.").

969 F.2d at 1433 ("[T]he Constitution's case or controversy requirement, U.S. Const. Art. III, § 2, is not satisfied and a federal court lacks subject matter jurisdiction over the action.").

The motion to dismiss this lawsuit therefore must be granted.

## IV.     CONCLUSION

For the reasons discussed above, the motion to dismiss is **GRANTED**.

The Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 6th day of June, 2018.

                                                 /s/ Victor A. Bolden
                                                 VICTOR A. BOLDEN
                                                 UNITED STATES DISTRICT JUDGE